## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### CASE NO. 1:17-cv-06222-GHW

MCGRAW-HILL GLOBAL EDUC. HOLDINGS,
ET AL.,

        Plaintiffs,

v.

TURCIOS, ET AL.,

        Defendants.

_____/

## DEFENDANT NEBRASKA BOOK COMPANY'S REPLY ON ITS MOTION TO SEVER

Pursuant to Rules 20(b), 21 and 42(b) of the Federal Rules of Civil Procedure, defendant Nebraska Book Company ("NBC") respectfully submits this Reply to the response filed by McGraw-Hill Global Education Holdings, LLC, Pearson Education, Inc., and Cengage Learning, Inc. *f/k/a* Thomson Learning (collectively, "Plaintiffs") (D.E. 107) ("Response") to NBC's Motion to Sever (D.E. 105) ("Motion").

## I.   INTRODUCTION

NBC has moved to sever.  Plaintiffs agree that NBC should be severed.  The very first sentence of their Response states this: "Plaintiffs agree with Nebraska Book Company ("NBC") that their claims against it should be severed into a separate action."  (*See* Response at p. 1). Because Plaintiffs agree with the premise of the Motion, this Court should grant the Motion to Sever.

So then why is Plaintiffs' Response sixteen pages long?  Because Plaintiffs believe that NBC should be severed "for reasons altogether different than those asserted in NBC's Motion." (*Id.*)  That is a concurrence.  Because Plaintiffs also concur with the premise of the Motion, this

Court should grant the Motion to Sever.

So what are those "altogether different" reasons why NBC should be severed? Plaintiffs' Response does not say. The Response simply agrees with the same reasons presented in the Motion: (1) NBC did not act in concert with the other fifteen defendants ("Defendants"); (2) NBC is not jointly and severally liable for the acts of the other Defendants; (3) there are "significant factual differences" with respect to the allegations against NBC vis-à-vis the other Defendants; (4) most of NBC's allegedly infringing book sales do not overlap with the textbook titles and associated copyrights allegedly infringed by the other Defendants; and (5) Plaintiffs' new claims against NBC will cause unnecessary delay and prejudice to Defendants.

Then, despite all this agreeing and concurring, Plaintiffs unexpectedly pull a logical U-turn and disagree, arguing that joinder of NBC is justified. Specifically, Plaintiffs argue that the use of Amazon.com ("Amazon") by NBC as well as by the other Defendants suffices to establish the "same transaction [or] occurrence" under Rule 20. Yet, the law is clear that the mere use of the same online platform to partake in the stream of commerce is insufficient to constitute the same transaction or occurrence. Further, the facts are clear that at issue are different textbooks sold on different dates via different online stores. Plaintiffs' fickle joinder argument is not only legally and factually incorrect, it is logically inconsistent with the rest of Plaintiffs' pro-severance Response.

The Court should dismiss the claims against NBC without prejudice or in the alternative drop or sever NBC as a party.

## II.   <u>LEGAL ARGUMENT</u>

A.   <u>**Plaintiffs Failed To Allege Either of the Requirements for Permissive Joinder**</u>.

Neither of the two mandatory requirements for the permissive joinder of defendants has been met: (1) "any right to relief is asserted against them jointly, severally or, in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." *See* Fed. R. Civ. P. 20(a).

While Plaintiffs concede that their claims against NBC "should be severed," they assert that the basis for severance is not their failure to satisfy Rule 20(a) (as outlined in NBC's Motion), but "for reasons altogether different than those asserted in NBC's Motion." (*See* Response at p. 1).   Rather than identify these different reasons, Plaintiffs simply prove that they failed to satisfy both of Rule 20's two mandatory requirements for permissive joinder.

### 1.   **Plaintiffs failed to allege "same transaction [or] occurrence**.**"**

The Response admits what was obvious from the beginning: that NBC's purported sale of four (4) of the allegedly infringed thirty-nine (39) textbooks failed to satisfy the "same transaction [or] occurrence" prong of Rule 20(a).  Plaintiffs claim, however, that the impropriety of lumping NBC with the other Defendants only recently came into focus "because its prior allegations of NBC's distribution of four counterfeit textbook represents a small portion of NBC's known infringing activity, which currently involves 22 different textbook titles, ***most of which do not overlap*** with the textbook titles and associated copyrights infringed by the other Defendants in this case."  (*See id.* at p. 6) (emphasis added).  Further conceding that "same transaction [or] occurrence" prong has not been met, Plaintiffs' Response notes that NBC's alleged infringements occurred "via NBC's storefronts on multiple online marketplaces ***other***

*than Amazon.*" (*Id.* at pp. 5-6 (emphasis added); *see also* Mustico Decl. ¶ 7).  Consequently, at issue are *different* textbooks, sold on *different* dates[1] via *different* online stores.

Even if the same textbooks were involved (they were not), Rule 20(a)'s "same transaction" requirement necessitates that the various defendants acted in concert or engaged in a common scheme.  *See Adobe Systems Inc. v. Colorado Internet Services, LLC*, No. C-13-4193 EMC, 2014 WL 1007627, at *2 (N.D. Cal. March 12, 2014) (requiring a "degree of factual commonality underlying the claims" in order to find that they arise out of the same transaction, occurrence or series of transactions or occurrences); *Malibu Media LLC v. Does 1-5*, 285 F.R.D. 273, 277-78 (S.D.N.Y. 2012) (requiring a showing of concerted activity by the defendants); *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151 (D. Conn. Dec. 9, 2008) (the same transaction requirement means that there must be some allegation that the joined defendants "conspired or acted jointly").  Plaintiffs have never alleged that NBC acted in concert with the other Defendants.  Nor could they make this allegation in good faith.

NBC's Motion cites robust case authority that separate and distinct acts of copyright infringement, even when the same works are infringed, are legally insufficient to satisfy Rule 20. (*See* Motion at pp. 6-8).  Plaintiffs' Response conspicuously makes no attempt to challenge these cases.  Joinder was as improper when the Amended Complaint alleged NBC sold four (4) of the allegedly infringing textbooks (only three of which allegedly overlapped with titles sold by the Defendants), as it is now when the Response alleges newly-raised instances of infringement. Consequently, regardless of whether the Court adopts a "then" (as of the date of the Amended Complaint) or "now" focus, the "same transaction [or] occurrence" prong has not been satisfied.

---

[1] Plaintiffs assert that all the counterfeit texts were sold "just before the start of the fall semester."  (*See* Response at p. 2).  Later, they inconsistently allege that the counterfeit textbooks were sold "between mid-April 2017 and mid-July 2017."  (*Id.* at p. 11).  Whether it was right before the Fall semester or during the Spring and Summer, the protracted temporal period evidences that the transactions were "separate and discrete."  (*See* Motion at p. 6).

After conceding that joinder of NBC is inappropriate (*see* Response at p. 2), Plaintiffs then proceed to argue the exact opposite, that joinder is appropriate because their claims against NBC have a "logical relationship" and are "inextricably intertwined" with the claims made against the other Defendants because all the claims involve infringing sales on Amazon. (*See id.* at pp. 10-14). While some courts, in assessing joinder under Rule 20, have employed the "logical relationship" term of art, which arises from a compulsory counterclaim analysis under Rule 13(a), "they have not done so in derogation of the plain text of Rule 20(a)(2)(A) to join unrelated claims in a single proceeding." *Twine v. Four Unknown New York Police Officers*, No. 10 CIV. 6622 DAB JLC, 2012 WL 6184014, at *11 (S.D.N.Y. Dec. 12, 2012), *report and recommendation adopted*, No. 10 CIV. 6622 DAB JLC, 2013 WL 314447 (S.D.N.Y. Jan. 25, 2013).

Moreover, the case law makes it clear that the sale or purchase of the same product from the same source does not satisfy the same transaction or occurrence test for Rule 20.[2] (*See* Motion at pp. 6-8). *See, e.g.*, *Adobe Systems Inc.* at *2 ("[T]he fact that all Defendants here allegedly could have obtained the counterfeit or unauthorized copies of the Adobe products from the same or similar sources, without concerted action, does not satisfy the same transaction or occurrence test for purposes of Rule 20."); *Perego, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("However, the fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule

---

[2] Incredibly, Plaintiffs argue that since they were able to purchase the counterfeit textbooks in a series of transactions, "and sometimes in a single transaction involving multiple Storefronts," the transactions satisfy Rule 20's same-transaction requirement. (*See* Response at pp. 11-12) ("Plaintiffs purchase textbooks from multiple Storefronts in a single order.") This incorrectly shifts the inquiry away from what the Defendants allegedly did to what the Plaintiffs allegedly did. The same transaction or occurrence test is designed to ascertain whether the joined Defendants "conspired or acted jointly," not whether Plaintiffs were able to join their purchases of infringing specimens from multiple defendants sold through an online megastore or shipped from a single warehouse.

20(a)."). As explained in *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*:

> But these transactions within the commerce stream do not constitute the same transaction or series of transactions. For instance, when Leica sells a pallet of infringing digital cameras to Best Buy, that is one transaction. When Leica sells a second pallet of the same cameras to Target, that is a second transaction. These two sales have nothing to do with each other – other than involve the same camera model.

No. 8:12-CV-1153-ODW, 2012 WL 4513805, at *3 (C.D. Cal. Oct. 1, 2012).

Plaintiffs make no attempt to distinguish the authority cited in NBC's Motion. Plaintiffs simply push their all-transactions-on-Amazon-are-related theory of joinder. If adopted, the theory would justify as "logically related" the joinder of every alleged infringer of comparable goods sold on a single platform – Amazon, eBay, Craig's List – and, consequently, eviscerate Rule 20(a).

Absent allegations of a concerted effort by Defendants to infringe Plaintiffs' copyrights, the common use of Amazon does not provide a basis for permissive joinder.

**2.       Plaintiffs failed to allege factual commonality.**

The Response concedes that Rule 20(a)'s second mandatory requirement has also ***not*** been met. Specifically, Plaintiffs state that "there will be significant factual differences" between the claims against NBC and the claims against the other Defendants. "In particular, the new claims of infringement against NBC involve NBC's distribution of counterfeit textbooks through a variety of channels, separate and apart from the Excellentext Storefront on Amazon." (Response at p. 5). These factual differences "involve factual evidence concerning distribution of counterfeits that is entirely different from the factual evidence necessary to prove the distribution via the Amazon Storefronts." (*Id.* at p. 6).

In truth, Plaintiffs' claims never presented common questions of fact. (*See* Motion at p. 10). Plaintiffs now acknowledge that their claims against NBC share no common nucleus of

facts with their claims against the other Defendants. This acknowledgement indisputably establishes that the second of Rule 20(a)'s two mandated requirements has also not been satisfied.

**B.     Joinder Is Neither Beneficial Nor Fair To NBC.**

While irrelevant given Plaintiffs' admitted failure to satisfy Rule 20's requirements, Plaintiffs' argument that joinder benefits the Defendants compels a response.

The primary focus in considering the appropriateness of joinder is whether it comports with "principles of fundamental fairness." *Next Phase Distribution, Inc. v. Does 1-27*, 284 F.R.D. 165, 167-68 (S.D.N.Y. 2012). Plaintiffs extol how Defendants can benefit from "sharing costs and/or defense strategies." (*See* Response at p. 16). This argument presupposes that the Defendants acted in concert (they did not), are similarly situated (they are not), wish to share costs (they do not), and wish to share defense strategies (they do not). NBC will not be sharing costs with the "defaulting Defendants" of which there are "several." (*Id.*). Nor will NBC be sharing defense strategy – or has anything in common – with the Defendants that allegedly manufacture counterfeit textbooks "overseas" and "launder" illicit proceeds to "off-shore bank accounts." (*See* Am. Compl. at ¶¶ 3, 37, 39, 51-55, 57).

Joinder solely benefits Plaintiffs. The only efficiency gained is Plaintiffs' savings on filing fees. The only economy achieved is Plaintiffs' reduction of words used for group pleading.[3] The only burden lowered is Plaintiffs' duty to articulate each Defendants' alleged

---

[3] The Amended Complaint's lumping of the sixteen Defendants violates Rule 8. (*See* Motion at pp. 12-15). Plaintiffs' contention that it "alleged common facts against all Defendants only where such allegations applied to all Defendants, rather than repeating the same allegations 21 times," serves only to underscore how Plaintiffs' attribution of wrongful acts fails to give fair notice. (Response at p. 8). The Amended Complaint alleges that Defendants (including NBC) manufacture and print counterfeit textbooks "overseas" and "launder" illicit proceeds to "off-shore bank accounts." (*See* Am. Compl. at ¶¶ 3, 37, 39, 51-55, 57). These collectively-ascribed allegations to "Defendants" have no plausible bearing to NBC.

N

culpability.  Joinder imposes procedural unfairness and needless costs on NBC.  Requiring NBC to attend group hearings, review other Defendants' pleadings, and attend depositions relating to other Defendants' witnesses would amplify NBC's defense costs and reduce Plaintiffs' prosecution costs.

The Court should ignore Plaintiffs' pitch for fairness and benefits.

**C.**     **The Court Should Dismiss NBC Without Prejudice**.

The Court should exercise its discretion to dismiss the claims against NBC without prejudice or, in the alternative, sever NBC from this action.  (*See* Motion at 12-15).

By NBC's count, Plaintiffs have reversed their position on severance three times.  Aware of NBC's intention to pursue a severance since at least December 26, 2017 (the date the parties filed a Joint Status Letter to the Court), Plaintiffs initially advised they intended on "consenting" to NBC's severance request.  (*See* D.E. 88).  In its first reversal, during the January 12, 2018 pre-motion hearing, Plaintiffs opposed severance and asserted, strenuously, that the Amended Complaint satisfied Rule 20's permissive joinder requirements.  In its second reversal, Plaintiffs agreed to and concurred with NBC's Motion to Sever from page 1 of their Response.  In its third reversal, Plaintiffs opposed severance in the middle of its Response on the misguided theory that NBC's sales on Amazon put NBC in league with the other Defendants.

Plaintiffs object to being "forced to start over again and file a new action."  (*See* Response at p. 8).  This objection cannot rationally be about the costs of filing a new complaint against NBC:  the cost of such a filing pales in comparison with the cost of briefing this Motion to Sever, a cost that can now only be regarded as unnecessary given Plaintiffs' concessions to sever NBC.  Plaintiffs could and should have voluntarily dismissed their claims against NBC and

---

Requiring Plaintiffs to plead NBC's alleged acts of infringement with specificity is not "a fool's errand" but rather what is required by Rule 8.  Given that Plaintiffs concede that their claims should be separately pled against NBC, there is no need to belabor the point.

Page | 8

filed a new action.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, NBC respectfully requests that the claims against it be dismissed without prejudice, or in the alternative, that NBC be dropped or severed from this action.

Respectfully submitted,

**STROOCK & STROOCK & LAVAN LLP**
*Attorneys for defendant Nebraska Book Company*
James G. Sammataro, Esq.
New York Bar No.: 4937926
jsammataro@stroock.com
Southeast Financial Center
200 South Biscayne Blvd., Suite 3100
Miami, Florida  33131
Telephone: (305) 358-9900
Facsimile: (305) 416-2888

By:  *s/* James G. Sammataro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a notice of the foregoing document is being served this day on all counsel of record identified in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF this 15th day of February, 2018 to:

| | |
|---|---|
| Kerry Malloy Mustico<br>Oppenheim + Zebrak, LLP<br>5225 Wisconsin Ave, NW, Ste 503<br>Washington, DC 20015<br>(202)-621-9027<br>Fax: (866)-766-1678<br>Email: kerry@oandzlaw.com<br><br>Matthew Jan Oppenheim<br>Oppenheim + Zebrak, LLP<br>5225 Wisconsin Ave, NW, Ste 503<br>Washington, DC 20015<br>(202) 480-2999<br>Fax: (866)-766-1678<br>Email: matt@oandzlaw.com<br><br>Eric A. Prager<br>K&L Gates LLP (NYC)<br>599 Lexington Avenue<br>New York, NY 10022-6030<br>(212)-536-3900<br>Fax: (212)-536-3901<br>Email: eric.prager@klgates.com | John Dominick D'Ercole<br>Robinson Brog Leinwand Greene Genovese<br>& Gluck PC<br>875 Third Avenue<br>9th Floor<br>New York, NY 10022-6225<br>212 603-6368<br>Fax: 212 956-2164<br>Email: jdd@robinsonbrog.com<br><br>Louis M. Diluzio<br>The Chartwell Law Offices, LLP<br>One Battery Park Plaza 35TH FLOOR<br>New York, NY 10004<br>(201)-438-0200<br>Fax: (201)-623-5888<br>Email: ldiluzio@choilawgroup.com |

*s/* James Sammataro