USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/20

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, PEARSON EDUCATION, INC., and CENGAGE LEARNING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JORGE L. TURCIOS, PEDRO A. TURCIOS, HEW SAN YOU, BEENISH BUTT, MEHAK NAEEM, LIM SEI RIANG, REJOICE SENAYE, JAMES ADEWOLA, LINDA CLARK, MATTHEW FIFE, RYAN J. HARRIS, and ZJUS EXPRESS INC.,<br><br>Defendants. | Case No. 17-cv-06222-GHW |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANTS JORGE L. TURCIOS AND PEDRO A. TURCIOS**

Upon the Stipulation for Entry of Judgment and Permanent Injunction Against Defendants Jorge L. Turcios and Pedro A. Turcios ("Defendants"), it is hereby

**ORDERED** that final judgment is **ENTERED** for Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., and McGraw Hill LLC, successor in interest to McGraw-Hill Global Education Holdings, LLC (hereinafter, "Plaintiffs") for Defendants' copyright and trademark infringement.

Pursuant to and in accordance with 17 U.S.C. § 502 and this Court's inherent equitable authority, it is **FURTHER ORDERED** that a permanent injunction is **ENTERED** in this action

as to Defendants. Defendants, their agents, servants, and employees, and all those in active concert or participation with any of them, are permanently enjoined from:

a) Copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or other unauthorized copies of Plaintiffs' Works[1] and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

b) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to copy, reproduce, manufacture, import, advertise, promote, distribute, sell, or offer to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

c) Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, email address, social media account, online-marketplace account, bank account, or payment processing system in connection with the copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks.

It is **FURTHER ORDERED** that this Final Judgment and Permanent Injunction shall inure to the benefit of Plaintiffs and any successors, assigns, and acquiring companies. This Final Judgment and Permanent Injunction shall be binding upon Defendants and any successors, assigns, and acquiring companies.

It is **FURTHER ORDERED** that this Final Judgment and Permanent Injunction shall be deemed to have been served upon the Defendants at the time of its execution by this Court.

It is **FURTHER ORDERED** that this Final Judgment and Permanent Injunction pertains only to Plaintiffs' claims in Case Nos. 17-cv-06222-GHW. Nothing herein extends to, limits, or waives any of Plaintiffs' other rights, claims, or remedies, including, without limitation, any

---

[1] "Plaintiffs' Copyrighted Works" means any and all eBooks, textbooks, or other copyrighted works, or portions thereof, whether now in existence or later created, regardless of media type, the copyrights to which are owned or controlled by any of Plaintiffs or their parents, subsidiaries, affiliates, predecessors, successors, and assigns, whether published in the United States or abroad.

events, actions, occurrences, infringements, or violations occurring after the issuance of this Final Judgment and Permanent Injunction.

It is **FURTHER ORDERED** that the Court retains jurisdiction of this matter in law and equity for purposes of enforcing this Order and/or adjudicating claims of violations of this Order.

SO ORDERED this __15th__ day of September 2020.

GREGORY H. WOODS
United States District Judge